No. 73–528. CARLSON ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any federal ban on obscenity is prohibited by the First Amendment (see *United States* v. *12 200-ft. Reels of Film,* 413 U. S. 123, 130 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Central District of California of mailing allegedly obscene matter in violation of 18 U. S. C. § 1461, which provides in pertinent part as follows:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance . . .
>
> .    .    .    .    .
>
> "Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.
>
> "Whoever knowingly uses the mails for the mailing . . . of anything declared by this section . . . to be

> nonmailable . . . shall be fined not more than $5,000 or imprisoned not more than five years . . . ."

The Court of Appeals for the Ninth Circuit affirmed the convictions.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1461, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." *Id.,* at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Ninth Circuit was rendered after *Orito,* reverse.*

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins.* Petitioners have thus never been

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

provided the independent judicial review to which the Court held them entitled in *Jenkins*. At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante*, p. 141, I believe that, consistent with the Due Process Clause of the Fifth Amendment, petitioners must be given an opportunity to have their case decided on, and introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.